UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DIANE KASSNER, MARSHA REIFFE, and            MEMORANDUM DECISION
JOSEPH FARRINO,                                              AND ORDER
                                                             04 CV 7274(GBD)
                            Plaintiffs,

        -against-

SECOND AVENUE KOSHER DELICATESSEN
& RESTAURANT and JACOB "JACK" LEBEWOHL,
INDIVIDUALLY,

                            Defendants.
------------------------------------------------------------x
GEORGE B. DANIELS, District Judge:

   Plaintiffs Diane Kassner, Marsha Reiffe and Joseph Farrino filed suit alleging claims for age discrimination, hostile work environment and retaliation, under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*, and under both the New York State Human Rights Law ("NYSHRL") and the New York City Human Rights Law ("NYCHRL").[1]

   Plaintiff Diane Kassner is 80 years old and has been employed as a waitress in defendant Second Avenue Delicatessen since 1986. Plaintiff Marsha Reiffe is 61 years old and also has been employed as a waitress in defendant Second Avenue Delicatessen since 1974.

   Plaintiff Kassner alleges in the complaint that, in 1999, she was permanently assigned to work at a station located by the bathroom and kitchen. It is also alleged that, in 1999, defendant Lebewohl refused to assign plaintiff Kassner any weekend shifts. Additionally, plaintiff Kassner alleges that defendant Lebewohl and several of his subordinates have repeatedly made degrading

---

[1] By Memorandum Decision and Order dated April 24, 2005, this Court dismissed plaintiff Farrino's action. The Court found that Farrino lacked standing to maintain his action because he failed to disclose his claims against defendants when he filed his bankruptcy petition seeking protection under Chapter 7 of the Bankruptcy Code.

comments toward her, including "drop dead," "retire early," "take off all of that make-up" and "take off your wig."[2]

Plaintiff Reiffe alleges in the complaint that, in 1999, her work schedule was changed. She was removed from a Sunday shift and told that she could only have two days off in a row if she took them as Sunday and Monday. She had requested Monday and Tuesday off, which she alleges, on information and belief, was given to a younger waitress who was subsequently hired. Plaintiff Reiffe also alleges that, in December, 2001, she was suspended for four days without pay, for an incident involving a co-worker, without defendants conducting a proper investigation. She also claims to have been retaliated against for objecting to the age discrimination policies affecting her work by defendants changing her work hours and assigned station. She was assigned to work for four consecutive days to the least profitable station usually reserved for new

---

[2] The hostile work environment claim is insufficiently pled as plaintiffs failed to allege harassment that was "'sufficiently sever or pervasive to alter the condition of the [plaintiffs'] employment and create an abusive working environment.'" Terry v. Ashcroft, 336 F.3d 128, 147-48 (2d Cir. 2003) (internal quotation marks omitted) (quoting Alfano v. Costello, 294 F.3d 365, 373 (2d Cir. 2002)). "'The plaintiff[s] must show that the workplace was so severely permeated with discriminatory intimidation, ridicule, and insult that the terms and conditions of [their] employment were thereby altered.'" Fairbrother v. Morrison, - - F.3d - -, 2005 WL 1389894, at *6 (2d Cir. June 14, 2004) (quoting Alfano, 294 F.3d at 373). "[S]imple teasing, . . . offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." Faragher v. City of Boca Raton, 524 U.S. 775, 778 (1998) (internal quotation marks omitted) (quoting Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 81 (1998)). The comments complained of by plaintiff Kassner do not rise to the level of harassment necessary to constitute a hostile work environment. See eg., Chandler v. AMR American Eagle Airline, 251 F.Supp.2d 1173, 1185 (E.D.N.Y. 2003) (calling plaintiff a "f***ing old man" on three occasions insufficient to support a hostile work environment cause of action); Henkin v. Forest Labs., Inc., 2003 WL 749236, at *8 (S.D.N.Y. March 5, 2003) (one isolated incident of co-worker calling plaintiff an "old Jew witch" does not create a hostile work environment), aff'd, 2004 WL 436006 (2d Cir. 2004); Khachikian v. BASF Corp., 1993 WL 463734, at *11, 13 (N.D.N.Y. Nov. 5, 1993) (co-workers' calling plaintiff, among other things, "an old fart," and "an old camel jockey," and plaintiff's supervisor's failing to do anything to discourage such behavior, did not constitute a pervasive hostile work environment), aff'd, 43 F.3d 1457 (2d Cir. 1994).

employees. As further examples of discrimination and retaliation, plaintiff Reiffe alleges that: (1) in January, 2002, defendant Lebewohl changed her work station by assigning her to the counter for four consecutive days; (2) in September, 2002, her Saturday work hours were changed, from 12$_{PM}$-5$_{PM}$ to 11$_{AM}$-2:45$_{PM}$, removing her from the early dinner shift; and (3) in September, 2002, her work station and hours on Tuesdays were changed from 11$_{AM}$-3:45$_{PM}$ to 12$_{PM}$-3$_{PM}$.

Defendants move to dismiss all of the plaintiffs' claims as either being barred by the applicable statute of limitations, failing to allege that the acts complained of were age-based, or failing to demonstrate that plaintiffs suffered an adverse employment action.

ADEA claims must be filed with the Equal Employment Opportunity Commission ("EEOC") within 180 days after the alleged unlawful employment practice occurred or if the aggrieved party instituted proceedings with a state or local agency, within 300 days after the discriminatory practice complained of occurred. 29 U.S.C. § 626(d)(1-2). The filing deadline is not jurisdictional, but rather it is akin to a statute of limitations. Zipes v. Trans World Airlines, Inc., 455 U.S. 385 (1982); Zerilli-Edelglass v. New York City Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003); Dillman v. Combustion Eng'g, Inc., 784 F.2d 57, 59 (2d Cir. 1986). In contrast, claims under the NYSHRL and NYCHRL must be filed within three years of the alleged acts of discrimination. Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997) (citation omitted); N.Y. City Admin. Code § 8-502(d). Plaintiffs filed charges of discrimination with the EEOC on December 20, 2002. They are, therefore, precluded from asserting ADEA claims based on discrete acts which occurred prior to February 23, 2002; 300 days before the filing of their EEOC complaints. Since plaintiffs filed the instant complaint on September 13, 2004,

plaintiffs are barred, by the applicable three-year statute of limitations, from asserting any discrete acts occurring prior to September 13, 2001, in support of their NYSHRL and NYCHRL claims.

All of plaintiff Kassner's alleged acts on which her complaint is based purportedly occurred in 1999, beyond the statutes of limitations applicable to both her ADEA and state law claims. Plaintiff Reiffe's claim based upon the change of her work schedule in 1999 is similarly outside those applicable statutes of limitations. Plaintiff Reiffe's alleged December, 2001 four day suspension is outside the statute of limitations applicable to ADEA claims.

Even though all of the discriminatory acts alleged in support of plaintiff Kassner's claims are time-barred, both plaintiffs attempt to circumvent the statute of limitations by alleging that the discriminatory acts constitute a continuing violation. Plaintiffs contend that all of their claims are timely because plaintiff Reiffe cited that she was subject to discriminatory acts which occurred within the statutory time period. Plaintiff Kassner, however, fails to allege any requisite adverse employment action which occurred within the applicable statute of limitations period. Moreover, the alleged discriminatory acts relied upon by plaintiff Reiffe are all discrete acts that cannot support a finding of a continuing violation so as to extend the limitation period. Lightfoot, 110 F.3d at 907 ("Discrete incidents of discrimination that are unrelated to an identifiable policy or practice . . . 'will not ordinarily amount to a continuing violation' unless such incidents are specifically related and are allowed to continue unremedied for 'so long as to amount to a discriminatory policy or practice.'") (quoting Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996)).

More importantly, plaintiff Reiffe's allegations of discriminatory acts occurring within

the statute of limitation either do not amount to an adverse employment action or are insufficient factual allegations to infer that those actions were based upon her age. An adverse employment action "is one which is 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" Terry, 336 F.3d at 138 (quoting Galabya v. New York City Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000)). "Examples of materially adverse changes include 'termination of employment, a demotion evidence by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" Id. (quoting Galabya, 202 F.3d at 640). Plaintiffs primarily complain of a number of shift or work station changes that reduced their potential for tip income. In addition to many of these allegations being time-barred, none of the acts complained of by plaintiffs rise to the level of a material adverse employment action. The claims of both plaintiffs are therefore dismissed.

Plaintiffs seek to file a proposed amended complaint to cure certain deficiencies, particularly with regard to the statute of limitations. Leave to amend should be freely given when justice dictates. Fed.R.Civ.P. 15(a); Rachman Bag Co. v. Liberty Mut. Ins. Co., 46 F.3d 230, 234-35 (2d Cir. 1995). It is appropriate, in determining whether to grant leave to amend, to consider the futility of the proposed amendment. Foman v. Davis, 371 U.S. 178, 182 (1962). "Where it appears that granting leave to amend is unlikely to be productive, [ ] it is not an abuse of discretion to deny leave to amend." Ruffolo v. Oppenheimer & Co., 987 F.2d 129, 131 (2d Cir. 1993).

Plaintiffs' proposed amended complaint adds few new factual allegations.[3] It simply drops any reference to applicable dates in an attempt to vaguely and generally refer to events without any time reference. Such a proposed amendment may hide, but cannot cure, any time-barred deficiencies. It therefore would be futile. See, Grace v. Rosenstock, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if, for example, the claims the plaintiff sought to add would be barred by the applicable statute of limitations.").

Defendants' motion to dismiss is granted and the complaint is dismissed in its entirety. Plaintiffs' motion to amend the complaint is denied.

Dated: New York, New York
July 5, 2005

SO ORDERED:

*George B Daniels*
GEORGE B. DANIELS
United States District Judge

---

[3] Without date, plaintiff Kassner does add in her proposed amended complaint the allegation that defendant Lebewohl told "her family that she was too old and should retire," and that "defendant Deli's employees/agents . . . [called] her a 'disgusting old lady.'"

6